IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BONNESS, | ) | CASE NO. 3:14CV2430 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN COLEMAN, Warden | ) | ORDER ADOPTING MAGISTRATE'S |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. The Report and Recommendation (ECF #10), issued on June 24, 2016, is hereby ADOPTED by this Court.

I. Procedural Background

Petitioner, Robert Bonness, (hereafter "Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 3, 2014. (ECF #1). Petitioner is challenging the constitutionality of the sentence imposed by the trial court on October 4, 2012 of 32 years, 6 months, after he pled guilty to one count of attempted rape and several counts of pandering and possessing sexually-oriented material involving a minor.[1] Petitioner appealed this sentence on October 31, 2012 to the Eighth District Court of Appeals, and that Court affirmed the sentence on June 27, 2013. (*See* ECF #7-1, pp. 238-252). Petitioner then appealed to the Supreme Court of

---

[1] This sentence was originally 52 years, 6 months, but was reduced upon appeal after the Eighth District Court of Appeals ruled that such sentence was inconsistent with sentences imposed in similar cases. (*See* ECF #7-1, p. 174-74).

Ohio on August 9, 2013, and that Court declined to accept jurisdiction of the appeal. (*See* Id. at p. 286).

II. Legal Discussion

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. Petitioner timely filed objections to the Report and Recommendation. (ECF #12). When objections are filed, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify that recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

This standard of review is distinct from the standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d).

Furthermore, a reviewing Federal court is obligated to accept a state court's interpretation of the state's statutes and rules of practice, as it is presumed to be correct. 28 U.S.C. §2254(e).

Petitioner argues in his §2254 petition that the trial court violated his constitutional right to due process during sentencing because it improperly applied the statutory sentencing factors and guidelines. (*See* ECF #1-1, p.2). The Magistrate Judge found that Petitioner failed to present a federal due process violation in state court and "has therefore failed to exhaust and procedurally defaulted this ground for relief." (*See* ECF #10, p. 13); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir.2001). Petitioner did not raise the due process issue until he filed the memorandum in support of jurisdiction with the Supreme Court of Ohio, and that court has held that it will not consider constitutional claims that are not raised and preserved in the court of appeals. *See, e.g., Jones v. Lazaroff*, 2015 WL 1471361, at *8 (N.D.Ohio 2015)(citations omitted).

In addition, the Magistrate Judge found that the first ground for relief was not cognizable in federal court, as Petitioner is challenging the state of Ohio's sentencing laws. This Court agrees with and adopts these findings.

Petitioner also argued in the §2254 petition that the sentence violates the Eighth Amendment to the United States Constitution because "it is disproportionate to similar offenses and grossly excessive in light of the underlying criminal conduct." (ECF #1-1, p.2). Respondent argued that Petitioner never raised an Eighth Amendment challenge to his sentence in state court, and is therefore barred from doing so in federal court. (ECF# 7, pp. 14-16). The Magistrate Judge agreed with this contention, and this Court adopts the finding that Petitioner is barred from presenting an Eighth Amendment challenge herein. This Court notes that even if it were to evaluate the Eighth Amendment claim, it agrees with the Magistrate Judge's finding that the appellate court's decision to uphold the trial court's sentence was not contrary to or an

unreasonable application of clearly established federal law, as the sentence was within Ohio's statutory limits and not grossly disproportionate to the offenses charged. (*See* ECF #10, p. 19).

III.    Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo* and has considered all of the pleadings, affidavits, motions and filings of the parties. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); Fed. R. Civ. P. 72(b). After careful evaluation, this Court finds that Magistrate Judge Limbert's Report and Recommendation is thorough, well-written, well-supported and correct. The Court finds that Petitioner raises no argument, factual or legal, that has not been fully addressed in the Report and Recommendation. Therefore, the Report and Recommendation of Magistrate Judge Limbert is hereby ADOPTED. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _September 12, 2016_